## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON L. BROWN | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PROGRESSIVE SPECIALTY | : | NO. 17-5409 |
| INSURANCE COMPANY | : | |
| | : | |
| MICHAEL J. DOUGHERTY | : | |
| (*ATTORNEY*), | : | |
| Defendants. | : | |

## MEMORANDUM

**SÁNCHEZ, J.**                                                    **DECEMBER 7 , 2017**

Plaintiff Jason Brown believes that defendants Progressive Specialty Insurance Company

("Progressive") and its attorney Michael J. Dougherty improperly sued him in state court.  He

seeks to proceed *in forma pauperis* in this civil action.  For the following reasons, the Court will

grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint for lack of subject

matter jurisdiction.

### I.    FACTS

Attachments to the complaint reflect that Dougherty filed a complaint on behalf of

Progressive in the Philadelphia Municipal Court against plaintiff based on a car accident that

occurred on September 29, 2015.  Progressive's complaint alleges that plaintiff caused a car

accident that resulted in $4,467.46 in damage to an individual insured by Progressive.

Plaintiff initiated the instant civil action based on allegations that the defendants "engaged its

business purposes into attempts of fraud and swindles." (Compl. at 3, ¶ III.C.)  He adds that his

"public safety is being violated through abuse and fraud" and claims that the defendants have invaded his privacy. He seeks $500,000 in damages.

## II.    STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.   DISCUSSION

It appears that plaintiff is trying to bring claims based on federal criminal statutes that he cited in his complaint as well as various constitutional provisions. However, federal criminal statutes generally do not provide a basis for civil liability. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). In other words, plaintiff may not pursue claims based on alleged federal criminal violations in this civil action.

2

To the extent plaintiff intended to bring constitutional claims pursuant to 42 U.S.C. § 1983, those claims also fail. "[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Here, it is clear from the complaint that the defendants are private actors—an insurance company and its attorney—rather than officials of state government. Additionally, nothing in the complaint sets forth any reasonable basis for concluding that plaintiff's constitutional rights were violated.

To the extent plaintiff is raising claims under state law, the only possible independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1] Here, the complaint reflects that the parties are not completely diverse because plaintiff and at least one of the defendants—Michael Dougherty—appear to be citizens of Pennsylvania. Accordingly, there is no basis for jurisdiction over plaintiff's state law claims. If plaintiff seeks to pursue those claims, he should proceed in state court.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint without prejudice to him refiling his state law claims in state court. Plaintiff will not be given leave to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.

---

[1] The Court declines to exercise supplemental jurisdiction, having dismissed plaintiff's federal claims.